UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSE ARIAS
and other similarly situated individuals,

    Plaintiff (s),

v.

BARREIRO CONCRETE CORPORATION
and AMERICO BARREIRO, individually,

    Defendants

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JOSE ARIAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants BARREIRO CONCRETE CORPORATION and AMERICO BARREIRO, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff JOSE ARIAS is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant BARREIRO CONCRETE CORPORATION (hereinafter, BARREIRO CONCRETE, or Defendant) is a Florida corporation with its place of business

in Dade County, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. Individual Defendant AMERICO BARREIRO is the owner/partner/officer and manager of Defendant Corporation BARREIRO CONCRETE. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JOSE ARIAS as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant BARREIRO CONCRETE is a concrete products manufacturer and construction contractor located at 25440 SW 140 Avenue, Homestead, Fl, 33032, where Plaintiff worked.

8. Defendants BARREIRO CONCRETE and AMERICO BARREIRO employed Plaintiff JOSE ARIAS as a non-exempted, full-time, hourly employee from approximately 1987 to March 02, 2022, or more than 35 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

9. Plaintiff had multiple duties as a production employee and as a construction laborer.

10. During the relevant time of employment, Plaintiff was paid a salary of $1,600.00 weekly.

11. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff had a regular official schedule. Plaintiff supposedly worked from Monday to Friday, from 7:00 AM to 3:00 PM. Nevertheless, Plaintiff was required to show up for work at 5:00 AM and wait until 7:00 AM to clock in. At 3:00 PM, Plaintiff clocked out, but he was required to stay working until 5:00 PM.

13. Thus, every week, Plaintiff worked 5 days from 5:00 AM to 5:00 PM (12 hours daily). Plaintiff worked 4 off-the-clock hours daily or 20 off-the-clock hours weekly. Plaintiff worked a total of 60 hours per week. Plaintiff was not able to take bonafide lunchtime.

14. In addition, once per month, Plaintiff worked on Saturday from 7:00 AM to 3:00 PM (8 hours). In these weeks, Plaintiff worked a total of 68 hours weekly.

15. Consequently, during his relevant time of employment with Defendants, Plaintiff worked 117 weeks of 60 working hours and 39 weeks of 68 working hours per week.

16. Plaintiff worked regularly and consistently more than 40 hours weekly. He was paid $1,600.00 weekly regardless of the number of hours worked. Plaintiff was not paid for overtime hours.

17. Plaintiff did not clock in and out, but he signed timesheets. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

20. Plaintiff was not in agreement with the number of hours paid to him every week, and he complained several times, but Plaintiff's complaints were ignored.

21. On or about the last week of February 2022, he complained to the owner of the business Americo Barreiro. Defendant Americo Barreiro refused to pay Plaintiff overtime hours and told Plaintiff: "If you don't like it, you can leave."

22. On or about March 02, 2022, Plaintiff was fired by Defendants. Plaintiff was fired due to his complaints about overtime payment and due to discriminatory reasons.

23. Plaintiff is in the process of filing his Charge of Discrimination with the U.S Equal Employment Opportunity Commission.

24. Plaintiff intends to recover overtime hours (hours in excess of 40 weekly), liquidated damages, retaliatory damages, and any other relief as allowable by law.

25. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about the overtime hours owed to him. After discovery, Plaintiff will amend his statement of claim to recover any regular unpaid hours.

<b><u>COUNT I:</u></b><br><b><u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u></b><br><b><u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u></b>

26. Plaintiff JOSE ARIAS re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff JOSE ARIAS and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

28. The employer BARREIRO CONCRETE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of concrete products and construction contractor. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and

materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

30. Defendants BARREIRO CONCRETE and AMERICO BARREIRO employed Plaintiff JOSE ARIAS as a non-exempted, full-time, hourly employee, from approximately 1987 to March 02, 2022, or more than 35 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

31. Plaintiff had multiple duties as a production employee and as a construction laborer. Plaintiff was paid a salary of $1,600.00 weekly.

32. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him, as required by law.

33. Plaintiff had a regular official schedule. Plaintiff supposedly worked from Monday to Friday, from 7:00 AM to 3:00 PM. Nevertheless, Plaintiff was required to work 4 off-the-clock hours daily or 20 off-the-clock hours weekly.

34. Plaintiff worked a total of 60 hours per week. Plaintiff was not able to take bonafide lunchtime.

35. In addition, once per month, Plaintiff worked on Saturday from 7:00 AM to 3:00 PM (8 hours). In these weeks, Plaintiff worked a total of 68 hours weekly.

36. Consequently, during his relevant time of employment with Defendants, Plaintiff worked 117 weeks of 60 working hours and 39 weeks of 68 working hours per week.

37. Plaintiff worked regularly and consistently more than 40 hours weekly, and he was paid a salary of $1,600.00 weekly regardless of the number of hours worked. Plaintiff was not paid for overtime hours.

38. Plaintiff did not clock in and out, but he signed timesheets. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

41. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

   a. <u>Total amount of alleged unpaid wages</u>:

      Forty-Four Thousand Sixty-Eight Dollars and 44/100 ($44,068.44)

   b. <u>Calculation of such wages</u>:

      Total time of employment: more than 35 years
      Total relevant weeks of employment: 156 weeks
      Salary: $1,600.00 weekly

1.- <u>Half-time O/T for 117 weeks with 5 days/60 working hours weekly</u>

Total Relevant weeks:  117 weeks
Total hours worked: 60 hours weekly
Total unpaid O/T hours: 20 O/T hours
Salary: $1,600: 60 hrs.= $26.67
Regular rate: $26.67 an hour x 1.5= $40.01 O/t rate
O/T rate:  $40.01- $26.67 rate paid = $13.34 Half-time difference

Half-time $13.34 x 20 O/T hours=$266.80 weekly x 117 weeks=$31,215.60


2.- <u>Half-time O/T for 39 weeks with 6 days/68 working hours weekly</u>

Total Relevant weeks:  39 weeks
Total hours worked: 68 hours weekly
Total unpaid O/T hours: 28 O/T hours
Salary: $1,600: 68 hrs.= $23.53
Regular rate: $23.53 an hour x 1.5= $35.30 O/t rate
O/T rate:  $35.30- $23.53 rate paid = $11.77 Half-time difference

Half-time $11.77 x 28 O/T hours=$329.56 weekly x 39 weeks=$12,852.84

Total #1, and #2: $44,068.44

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the unpaid half-time overtime hours.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At times mentioned, individual Defendant AMERICO BARREIRO was and is now the owner/partner and manager of BARREIRO CONCRETE. Defendant AMERICO BARREIRO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in BARREIRO CONCRETE's interest concerning its employees, including Plaintiff and others similarly situated. Defendant AMERICO BARREIRO had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

47. Defendants BARREIRO CONCRETE and AMERICO BARREIRO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff   and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOSE ARIAS and other similarly situated individuals and against the Defendants BARREIRO CONCRETE and AMERICO BARREIRO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq.; and

B. Award Plaintiff JOSE ARIAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; an

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE ARIAS demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

49. Plaintiff JOSE ARIAS re-adopts every factual allegation543 stated in paragraphs 1-25 of this Complaint as if set out in full herein.

50. The employer BARREIRO CONCRETE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of concrete products and construction contractor. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

51. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

52. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

53. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

54. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

55. Defendants BARREIRO CONCRETE and AMERICO BARREIRO employed Plaintiff JOSE ARIAS as a non-exempted, full-time, hourly employee, from approximately 1987 to March 02, 2022, or more than 35 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

56. Plaintiff had multiple duties as a production employee and as a construction laborer. Plaintiff was paid a salary of $1,600.00 weekly.

57. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him, as required by law.

58. Plaintiff had a regular official schedule. Plaintiff supposedly worked from Monday to Friday, from 7:00 AM to 3:00 PM. Nevertheless, Plaintiff was required to work 4 off-the-clock hours daily, or 20 off-the-clock hours weekly.

59. Plaintiff worked a total of 60 hours per week. Plaintiff was not able to take bonafide lunchtime.

60. In addition, once per month, Plaintiff worked on Saturday from 7:00 AM to 3:00 PM (8 hours). In these weeks, Plaintiff worked a total of 68 hours weekly.

61. Consequently, during his relevant time of employment with Defendants, Plaintiff worked 117 weeks of 60 working hours and 39 weeks of 68 working hours per week.

62. Plaintiff worked regularly and consistently more than 40 hours weekly, and he was paid a salary of $1,600.00 weekly regardless of the number of hours worked. Plaintiff was not paid for overtime hours.

63. Plaintiff did not clock in and out, but he signed timesheets. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

64. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

65. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

66. Plaintiff was not in agreement with the number of hours paid to him every week, and he made multiple complaints to his superiors. Plaintiff's complaints were ignored.

67. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

68. Plaintiff was not in agreement with the number of hours paid to him every week, and he complained several times, but Plaintiff's complaints were ignored.

69. On or about the last week of February 2022, he complained to the owner of the business Americo Barreiro. Defendant Americo Barreiro refused to pay Plaintiff overtime hours and told Plaintiff: "If you don't like it, you can leave."

70. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

71. However, as a direct result of his complaints about missing payment for overtime hours, a few days later, on or about March 02, 2022, Plaintiff was fired by Defendants.

72. Plaintiff intends to recover overtime hours (hours in excess of 40 weekly), liquidated damages, retaliatory damages, and any other relief as allowable by law.

73. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

74. The termination of Plaintiff JOSE ARIAS by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

75. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

76. Defendants BARREIRO CONCRETE and AMERICO BARREIRO willfully and maliciously retaliated against Plaintiff JOSE ARIAS by engaging in a retaliatory action

that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

77. The motivating factor which caused Plaintiff JOSE ARIAS to be fired from the business, as described above, was his complaints seeking overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding overtime wages.

78. At times mentioned, individual Defendant AMERICO BARREIRO was and is now the owner/partner and manager of BARREIRO CONCRETE. Defendant AMERICO BARREIRO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in BARREIRO CONCRETE's interest concerning its employees, including Plaintiff and others similarly situated. Defendant AMERICO BARREIRO had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

79. Defendant's adverse actions against Plaintiff JOSE ARIAS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

80. Plaintiff JOSE ARIAS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSE ARIAS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants BARREIRO CONCRETE and AMERICO BARREIRO that Plaintiff JOSE ARIAS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants BARREIRO CONCRETE and AMERICO BARREIRO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE ARIAS further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOSE ARIAS demands trial by a jury of all issues triable as of right by a jury.

DATED: March 10, 2022,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*